**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| G. W. BRADLEY,<br>    a/k/a BRAD BRADLEY, )<br>)<br>            Petitioner, )<br>)<br>v. )<br>)<br>JUSTIN JONES,[1] DIRECTOR, )<br>)<br>            Respondent. ) | Case No. 05-CV-0301-CVE-TLW |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner is represented by attorney Scott Troy. Respondent filed a response to the petition and provided the state court records necessary for adjudication of Petitioner's claims (Dkt. # 10). Petitioner filed a reply (Dkt. # 11). For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

On October 25, 2000, Petitioner and co-defendant Rainey Wilson purchased large quantities of Heet and Naptha at an auto parts store in Grove, Oklahoma. Aware that these items were commonly used in the manufacture of methamphetamine, the store clerk contacted local police. After a short period of surveillance on Petitioner's residence and Rainey Wilson's farm, law enforcement officers conducted a raid of the barn on the farm. Both Petitioner and Wilson tried to exit the barn but were apprehended. During the raid, Petitioner extracted a vial from his pocket and

---

[1] Justin Jones is the current Director of the Oklahoma Department of Corrections. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court Clerk shall be directed to substitute Justin Jones for Charles Ray as the party Respondent in the record for this case.

threw it on the ground. Powder in the vial was later identified as methamphetamine. An operating methamphetamine lab was discovered in the barn, along with materials used in manufacturing and quantities of finished methamphetamine product.

Based on those facts, Petitioner was charged, tried and convicted by a jury of Trafficking in Illegal Drugs (Count I), Manufacture of a Controlled Substance (Count II), and Possession of a Controlled Substance (Count III), in Delaware County District Court, Case No. CF-2000-572. Petitioner was represented at trial by attorneys Clinton Ward and Bryce Lair. Assistant District Attorney John Kelson prosecuted the case on behalf of the State of Oklahoma. At the conclusion of the trial, the jury recommended a sentence of thirty-five (35) years imprisonment for Count I, thirty-five (35) years for Count II, and five (5) years for Count III. On December 3, 2001, the trial court sentenced Petitioner in accordance with the jury's recommendation and ordered the sentences to be served consecutively.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Bill Zuhdi, Petitioner raised five (5) claims as follows:

| | |
|---|---|
| Proposition I: | The evidence was insufficient to sustain conviction of manufacturing and trafficking of methamphetamine. |
| Proposition II: | The trial court's failure to sustain Bradley's motion to suppress constitutes reversible error. |
| Proposition III: | Bradley was unduly prejudiced by law enforcement evidentiary harpoon and as a result, Bradley did not receive a fair trial and his convictions and sentences should be reversed, and/or modified downward. |
| Proposition IV: | Bradley received ineffective assistance of trial counsel and accordingly, his convictions and sentences must be reversed and/or modified downward. |

>   Proposition V:   The trial errors complained of herein cumulatively denied Bradley's right to a fair trial under the United States and Oklahoma Constitution and therefore, Bradley's convictions and sentences must be reversed.

See Dkt. # 10, Ex. 2. In an unpublished summary opinion, filed January 31, 2003, in Case No. F-2001-1450, the OCCA rejected each of Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 10, Ex. 3). Petitioner did not seek a *writ of certiorari* from the United States Supreme Court.

On January 30, 2004, Petitioner filed an application for post-conviction relief in the state district court (Dkt. # 10, Ex, 4). Represented by attorney Scott Troy, Petitioner raised two (2) claims:

>   Ground 1:   Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his appellate counsel failed to raise a meritorious double-punishment claim on direct appeal.
>
>   Ground 2:   Petitioner was denied his Sixth Amendment right to effective assistance of counsel when both his trial attorney and appellate attorney failed to challenge 63 O.S. § 2-415 as unconstitutionally vague.

See Dkt. # 10, Ex. 4. The district court denied relief on January 3, 2005 (Dkt. # 10, Ex. 5). Petitioner appealed (Dkt. # 10, Ex. 6). The OCCA affirmed the district court's denial of post-conviction relief by Order filed February 24, 2005, in Case No. PC-2005-89 (Dkt. # 10, Ex. 7).

Petitioner now seeks federal habeas corpus relief. In his petition, filed May 17, 2005, Petitioner raises the same two (2) grounds for relief as those raised in his post-conviction proceedings:

>   Ground 1:   Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his appellate counsel failed to raise a meritorious double-punishment claim on direct appeal.
>
>   Ground 2:   Petitioner was denied his Sixth Amendment right to effective assistance of counsel when both his trial attorney and appellate attorney failed to challenge 63 O.S. § 2-415 as unconstitutionally vague.

See Dkt. # 1. In response to the petition, Respondent argues that Petitioner's claims were properly denied by the OCCA (Dkt. # 10).

## *ANALYSIS*

### A.    Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case because Petitioner's claims were raised in his post-conviction proceedings. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B.  Claims adjudicated by the OCCA on direct appeal

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the

"determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, both of Petitioner's grounds were presented in state post-conviction proceedings where they were adjudicated by the district court and the OCCA. Therefore, the § 2254(d) standard applies to this Court's analysis of those claims.

### *1. Ineffective assistance of appellate counsel - omitted double punishment claim*

As his first proposition of error, Petitioner asserts that his appellate counsel was ineffective for failing to raise a double punishment claim on direct appeal. On post-conviction appeal, the OCCA rejected this claim of ineffective assistance of appellate counsel. Although the OCCA cited Strickland v. Washington, 466 U.S. 668, 687 (1984), the court based its conclusion on the legal premise that "[t]he fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance, or to preclude enforcement of a procedural default." See Dkt. # 10, Ex.7 at 2. That premise deviates from the controlling federal standard. See Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003). As a result, the OCCA's analysis of Petitioner's ground one claim of ineffective assistance of appellate counsel is not entitled to deference on federal habeas corpus review. Id. at 1205; Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005). Therefore, this Court will conduct a *de novo* review of Petitioner's ineffective assistance of appellate counsel claim for failing to raise a double punishment issue.

In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). To establish ineffective assistance of counsel a petitioner must show that his counsel's performance was deficient and that the deficient

5

performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A petitioner can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. In

this case, the Court will examine the underlying claim that Petitioner was convicted in violation of Oklahoma law.

Petitioner argues that his separate convictions for Trafficking, Manufacturing, and Possession of Methamphetamine are violative of Oklahoma's statutory prohibition against double punishment found in Okla. Stat. tit. 22, § 11.[2] Each of Petitioner's convictions resulted from evidence discovered in a raid on October 25, 2000. Petitioner claims he was improperly convicted of more than one crime for the same act. Denying this claim in Petitioner's post-conviction proceedings, the state district court made the following factual findings:

> This court previously in its 10/4/01 order regarding Defendant's Motion to dismiss and/or Require the State to Elect filed prior to trial found that Possession of Methamphetamine and Trafficking in Methamphetamine were different acts in different locations at different times. The evidence at trial likewise supported the same findings.
>
> Further, as to the claim that the manufacturing and trafficking convictions were based on the same facts, the court finds that there was evidence which supported a finding that on the execution of the search warrant, the law enforcement officers found an <u>operating</u> methamphetamine lab and an amount of methamphetamine in close proximity which supported a separate trafficking charge. Since the lab was operating when discovered, the state did not have to rely on the bags of methamphetamine to prove its manufacturing case. Had neither amount of methamphetamine been found in either location, the jury heard sufficient evidence to convict on the manufacturing charge.
>
> The court therefore finds all three convictions to be based on separate criminal acts and not violations of 21 O.S. 2001 § 11.

---

[2]   Section 11 provides that an act or omission which is made punishable in different ways by different provisions may be punishable under any of such provisions, but in no case can it be punished under more than one section of law. Further, an acquittal or conviction and sentence under one section of law bars the prosecution for the same act or omission under any other section of law. See Okla. Stat. tit. 22, § 11-A.

7

See Dkt. # 10, Ex. 5.  In this habeas proceeding, "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  As explained below, this Court finds that Petitioner has not met his burden to rebut the state court's factual findings.

The crimes of Trafficking in Illegal Drugs (Count I), Manufacture of a Controlled Substance (Count II), and Possession of a Controlled Substance (Count III) are distinct and separate crimes, and require separate acts of a defendant. Under Oklahoma law in effect at the time of Petitioner's conviction, one who knowingly possesses methamphetamine in excess of 20 grams is guilty of trafficking. See Okla. Stat. tit. 63, § 2-415(1999). Testimony at trial indicated that the weight of the methamphetamine found in the barn was 50 grams (Tr. Trans. Oct. 11, 2001 at 708).

The elements of Manufacturing are knowingly and intentionally manufacturing a controlled dangerous substance. See Okla. Stat. tit. 63, § 2-401(G) (1999). Evidence was presented that the inside of the barn contained a very large methamphetamine lab (Tr. Trans Oct. 11, 2001 at 741). Petitioner and his co-defendant had purchased large quantities of Heet and Naphtha, products used in the manufacturing of methamphetamine (Dkt. #10, Ex. 8 at 215, 217, 222). Testimony from an Oklahoma State Bureau of Investigations criminalist revealed that a number of other items associated with manufacturing methamphetamine were found in the barn (Tr. Trans. Oct. 11, 2001 at 702-705). All four stages of methamphetamine manufacturing were in process when the police raided the barn (Tr. Trans. Oct. 11, 2001 at 740). The fact that methamphetamine was being manufactured was uncontroverted, and evidence supported the finding that Petitioner knew of and participated in the manufacturing process. Further, the Court agrees with the state district court that

the evidence supporting the manufacturing conviction was separate and distinct from the evidence supporting the trafficking conviction.

Finally, at the time of his arrest, Petitioner was observed taking a vial containing methamphetamine from his pants and dropping it on the ground, supporting the separate conviction for possession. See Dkt. # 10, Ex. 8 at 312. A violation of Oklahoma's statutory prohibition against double punishment is not implicated in this case. Thus, because Petitioner's appellate counsel did not omit a meritorious issue on direct appeal his failure to raise this issue did not result in constitutionally ineffective representation. Petitioner is not entitled to habeas corpus relief on his ground one claim.

### *2. Ineffective assistance of trial and appellate counsel - failure to challenge statute*

Petitioner complains in ground two that he was denied the effective assistance of both trial and appellate counsel because both failed to challenge the constitutionality of Oklahoma's drug trafficking statute found in Okla. Stat. tit. 63, § 2-415. The statute provides for punishment of any person knowingly possessing, distributing, or manufacturing a substance weighing twenty grams of more which contains "a detectable amount" of methamphetamine. He argues that the statute "violates the Fifth Amendment's guarantee that laws be definite and certain." See Dkt. # 3 at 14. Petitioner raised this claim in his post-conviction proceedings. Both the state district court and the OCCA rejected the claim without discussion. However, because the OCCA again based its conclusion on the wrong standard, this Court will review the issue *de novo*. See Cargle, 317 F.3d at 1202-05.

In analyzing the ineffective assistance of counsel claim, the Court must first examine the underlying issue whether Oklahoma's drug trafficking statute is unconstitutionally vague. The

United States Supreme Court has stated, "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 n. 7 (1982). Further, the Tenth Circuit evaluates the constitutional validity of a statute challenged as vague by ascertaining whether "the ordinary person exercising ordinary common sense" can understand and comply with the standard. Lancaster v. Cook, 930 F.2d 34 (10th Cir. 1991) (citing United States v. Hines, 696 F.2d 722, 727 (10th Cir.1982); United States v. Homa, 608 F.2d 407 (10th Cir.1979)).

Petitioner specifically challenges the language in § 2-415 imposing penalties for possession of "twenty (20) grams or more of a mixture or substance containing a detectable amount of amphetamine or methamphetamine." See Dkt. # 3 at 12. He argues that a person can be convicted of trafficking even if he has no idea how much controlled substance is in a mixture. Id. at 13. He also claims that it is impossible for a person to conform to the law unless he knows what conduct is criminal. Id. This argument does not meet the common sense test. If an ordinary person exercising ordinary common sense desires to conform to the law, he will not be in possession of twenty (20) ounces or more of any mixture which contains a controlled substance. This Court finds that the challenged statute defines the criminal offense of trafficking in methamphetamine "with sufficient definiteness that ordinary people can understand what conduct is prohibited." Dennis v. Poppel, 222 F.3d 1245, 1260 (10th Cir. 2000) (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983)).

Having determined that Petitioner's underlying constitutional claim regarding the vagueness of Oklahoma's drug trafficking statute lacks merit, the Court concludes that counsels' failure to raise the meritless claim at trial or on direct appeal did not constitute ineffective assistance. Accordingly, Petitioner is not entitled to habeas corpus relief on his ground two claim.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. The Court Clerk shall substitute Justin Jones for Charles Ray as the party Respondent on the docket for this case. A separate judgment shall be entered in this matter.

**DATED** this 9th day of February, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT